### CITY OF MIAMI v. SCIPPIO.
No. 5205.

Circuit Court, Dade County, Criminal Appeal.

May 31, 1962.

Engel & Pollack and Ephraim Collins, all of Miami, for appellant.

Robert D. Zahner, City Attorney, Harry Stein, Ass't. City Attorney for appellee.

FRANCIS J. CHRISTIE, Circuit Judge.

Factually, the appellant was arrested on November 10, 1961 for an alleged traffic violation. During the process of writing the citation for the alleged offense certain events occurred between the police officer and the appellant, which resulted in his being additionally charged with malicious mischief, using profane language, resisting arrest, and assault and battery on the police officer.

Trial was held before the said judge on November 29, 1961. At the conclusion thereof, wherein both the city and the defendant adduced testimony, the court of its own motion continued the matter until a subsequent date, December 6, 1961, and directed that the city should produce additional witnesses to testify, if possible.

On December 6, 1961, the trial was resumed before the aforesaid judge, and further testimony was given in support of the prosecution, but no additional testimony was offered by the appellant. Thereafter the judge convicted the appellant of using profane language and resisting arrest and fined him $50, or 20 days in jail. The appellant was found not guilty of the remaining charges.

It is fundamental in the prosecution of municipal offenses that the burden of proof is upon the prosecution to prove its case beyond a reasonable doubt. This is so because the charge being labeled "an offense" is in fact penal in nature, which in the instant case carried with it upon the non-payment of the $50 fine a 20 day jail sentence.

To style the offense other than penal in the face of said sentence is not only illogical but an absurdity. It follows that when the prosecution and the defendant both rested their cases and the judge announced that further testimony by and on behalf of the prosecution was necessary, the judge was in effect saying that he had reasonable doubt of the defendant's guilt,

and further that the prosecution had failed to meet the burden of proof necessary to result in a valid conviction.

All trials, especially those of a penal nature, must *begin* and *end* in an orderly and expedient manner consistent with fairness and recognized legal procedure. The appellant was put to trial and both the prosecution and the defense after resting their cases had before the trial judge all the relevant material and admissible testimony, upon which the trial judge should have rendered his decision.

To continue the case to a subsequent time for the taking of additional testimony was not only violative of the doctrine of reasonable doubt, but was repugnant to the constitution of the state of Florida, which affords an accused person a speedy trial.

Accordingly, the convictions obtained in the trial court are hereby reversed with directions to the trial court to enter a verdict and judgment of not guilty. The appellee is further directed to refund the fine paid by the appellant as a result of said convictions. All costs are taxed against the appellee, City of Miami, and are to be paid forthwith.